```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

KODJOVI PINTO-KEKO,             )
                                )
            Plaintiff,          )       8:09CV436
                                )
      v.                        )
                                )
NEBRASKA RETIREMENT SERVICES,   )       MEMORANDUM AND ORDER
d/b/a ST. JOSEPH'S VILLA,       )
                                )
            Defendant.          )
_____)
```

This matter is before the Court on defendant's motion to dismiss and for more definite statement (Filing No. 2). The motion to dismiss will be granted and the motion for more definite statement will be denied.

### I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff Kodjovi Pinto-Keko ("Pinto-Keko") filed a petition in the Douglas County, Nebraska, District Court on November 10, 2009 (Filing No. 1-1, Attach. 1, at CME/CF p. 3). Because the petition alleged violations of a federal statute, defendant filed a notice of removal, removing the petition to this Court on December 7, 2009 (Filing No. 1).

Liberally construed, Pinto-Keko alleges that defendant discriminated against him because of his race, color, and national origin in violation of Title VII of the Civil Rights Act ("Title VII") (Filing No. 1-1, Attach. 1, at CM/ECF pp. 3-7). Pinto-Keko also brings state-law claims pursuant to the Nebraska Fair Employment Practice Act ("NFEPA"). (*Id.* at CM/ECF p. 5.)

In particular, Pinto-Keko alleges that he is African and that defendant terminated him on August 13, 2007, for allegedly "sleeping on the job and not following nurses' orders." (*Id.* at CM/ECF p. 4.) However, at the time of his termination, defendant could not provide Pinto-Keko with any details regarding these incidents. (*Id.*) In addition, numerous non-African employees engaged in the same, or worse, conduct and were not disciplined or terminated. Pinto-Keko further alleges that his work performance was "satisfactory" and that, prior to his termination, he had not received any discipline regarding his work performance. (*Id.* at CM/ECF p. 6.)

Defendant filed its motion to dismiss and for more definite statement on December 7, 2009 (Filing No. 2). In its motion, defendant argues that Pinto-Keko's state-law claims are barred because they were not filed within 90 days after the Nebraska Equal Opportunity Commission ("NEOC") issued its final determination on Pinto-Keko's claims (Filing No. 3 at CM/ECF pp. 2-3). Pinto-Keko filed a response, arguing that dismissal is not appropriate because his claims were timely filed (Filing No. 6 at CM/ECF pp. 1-2). Pinto-Keko also provided additional details regarding his claims. (*Id.*) On December 31, 2009, defendant sought leave to supplement the record, which is granted (Filing No. 7).

-2-

## II.     DEFENDANT'S MOTION TO DISMISS

Nebraska law sets the time limit for bringing a claim under the NFEPA as follows:

> The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge. When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail, return receipt requested. The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

Neb. Rev. Stat. § 48-1120.01 (2008). Thus, the question before the Court is whether Pinto-Keko filed his claim more than 90 days after he received notice of the "last action" that the NEOC would take on the charge.

The NEOC issued its Commission Determination on Pinto-Keko's claims on April 23, 2009 (Filing No. 7-2, Attach. 2, at CM/ECF p. 1). In its Commission Determination, the NEOC stated that it was officially closing Pinto-Keko's charge. (Id.) It further stated:

> The Commission has no appeal process for cases in which there is insufficient evidence to support

-3-

> the charge.  This finding of **no reasonable cause** is the final determination of the Commission and completes the handling of the charge.  The deadline for filing an action in state district court is 90 days after the receipt of this notice.

(*Id.*)  There is no ambiguity in the language set forth in the Commission Determination.  The NEOC clearly stated that it would take no further action after the April 23, 2009, Commission Determination and that the deadline for filing an action in court was 90 days from the date of receipt.  Pinto-Keko filed his petition in the Douglas County, Nebraska, District Court on November 10, 2009, or 201 days after the NEOC's Commission Determination (Filing No. 1-1, Attach. 1, at CM/ECF p. 3).  There is nothing before the Court showing that there was any undue delay in Pinto-Keko's receipt of the Commission Determination, and the Court therefore finds that he filed the petition more than 90 days after the "last action" taken by the NEOC on his charge.  Although Pinto-Keko argues that he timely pursued his claims with the U.S. Equal Opportunity Employment Commission, the Court finds that the pursuit of separate federal employment discrimination claims does not toll the 90-day deadline under Nebraska law.  See *Whitner v. Rick's Cafe, LLC*, No. 8:07CV263, 2008 WL 346408, *3 (D. Neb. 2008) (allowing federal employment claims to proceed but dismissing state-law NFEPA claim where the

plaintiff failed to file suit within the 90-day period set forth in § 48-1120.01). In light of this, Pinto-Keko's state-law claims are time-barred and will be dismissed.

### III.     DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Defendant also requests that the Court require Pinto-Keko to provide more information regarding his remaining federal claims (Filing No. 3 at CM/ECF pp. 3-5). Pinto-Keko's federal claims are brought pursuant to Title VII. As amended, this statute makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case of race discrimination under Title VII, a plaintiff must allege that: (1) he is a member of a protected group; (2) he was qualified for his position; (3) he was discharged; and (4) his discharge occurred in circumstances giving rise to an inference of discrimination. *Johnson v. AT & T Corp.*, 422 F.3d 756, 761 (8th Cir. 2005).

Pinto-Keko alleges that he is African and that defendant terminated him on August 13, 2007, for allegedly "sleeping on the job and not following nurses' orders." (*Id.* at CM/ECF p. 4.) However, at the time of his termination, defendant

-5-

could not provide Pinto-Keko with any details regarding these incidents. (*Id.*)  In addition, numerous non-African employees engaged in the same conduct and were not disciplined or terminated.  Pinto-Keko further alleges that his work performance was "satisfactory" and that, prior to his termination, he had not received any discipline regarding his work performance.  (*Id.* at CM/ECF p. 6.)  Defendant claims that Pinto-Keko's allegations are too "general."  (Filing No. 3 at CM/ECF p. 5.)  The Court disagrees.  Pinto-Keko's allegations refer to individuals who discriminated against him by name, include a specific time line of events, reference specific instances in which non-Africans were treated differently than him, and incorporate his charge of discrimination into his claim.  In light of this, and at this stage of the proceedings, the Court finds that Pinto-Keko's allegations are sufficiently specific to proceed.

       IT IS ORDERED:

       1.  Defendant's motion to dismiss plaintiff's state law claims (Filing No. 2) is granted.  Plaintiff's state-law claims are dismissed with prejudice.

       2.  Defendant's motion for more definite statement (Filing No. 2) is denied.  Defendant's motion for leave to supplement (Filing No. 7) is granted.

       3.  Defendant shall file an answer to Pinto-Keko's remaining federal claim no later than **March 29, 2010.**

4. A separate progression order will be entered progressing plaintiff's remaining claims to final disposition.

DATED this 17th day of March, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.